EDWARD ROBY et al.

*v.*

THE CHICAGO TITLE AND TRUST COMPANY *et al.*

*Opinion filed December 18, 1901—Rehearing denied February 5, 1902.*

1. SOLICITORS' FEES—*when defendant in foreclosure is precluded from questioning allowance of solicitors' fees.* If the allegations of a foreclosure bill are sufficient to justify an allowance of solicitors' fees, such allowance cannot be questioned by the defendant on writ of error, where a decree *pro confesso* was entered on default and no exception was taken to the master's report.

2. MASTERS IN CHANCERY—*a master's fee for taking and reporting testimony is fixed by law.* The master's fee for taking and reporting testimony under order of court is fixed by section 20 of the Fees and Salaries act at fifteen cents per hundred words, and for computing the amount due the sum of two dollars, and if he is not required to do anything more, the clause relating to examination of questions in issue and reporting conclusions has no application.

3. SAME—*master not entitled to fee for approving decree nor to a real estate board fee.* In foreclosure the master is not entitled to a fee for approving the decree, there being no special order requiring such approval, nor to a real estate board fee.

4. COSTS—*items of cost must be declared by statute to be such.* Nothing can be allowed as costs, either by the clerk or by the court, but items directed by the statute to be so allowed.

5. APPEALS AND ERRORS—*error in taxing costs on foreclosure may be cured without setting aside sale.* If the record in foreclosure pro-

ceedings is free from error except in the matter of taxing costs, such error may be cured without reversal of the entire decree of foreclosure and sale and without setting aside the sale, by reversing that part of the decree allowing illegal costs and directing its correction by the lower court.

*Roby* v. *Chicago Title and Trust Co.* 94 Ill. App. 379, reversed in part.

WRIT OF ERROR to the Appellate Court for the First District;—heard in that court on writ of error to the Superior Court of Cook county; the Hon. A. H. CHETLAIN, Judge, presiding.

This is a writ of error to the Appellate Court for the First District to review the judgment of that court affirming a decree of foreclosure and sale of the superior court of Cook county.

The Appellate Court, in deciding this case, made the following statement of facts:

"Defendants in error filed their bill in the superior court against plaintiffs in error to foreclose a trust deed made by plaintiffs in error to defendant in error the Chicago Title and Trust Company, as trustee, to secure the note of plaintiff in error Edward Roby, dated May 29, 1896, for the sum of $7500, payable to the said trust company, as trustee, three years after its date, with interest at seven per cent per annum, payable semi-annually, the interest being evidenced by six promissory notes of said Edward Roby, payable to the said trust company, of the same date as the principal note, each for the sum of $262.50, and becoming due, respectively, six, twelve, eighteen, twenty-four, thirty and thirty-six months after date and bearing interest at seven per cent per annum from maturity, and conveying certain real estate in Cook county therein described.

"By said trust deed it is provided, among other things, 'that in case a right of foreclosure or other right of procedure shall arise hereunder, either upon the maturity of said principal note or by breach of any of the covenants herein, said trustee shall, upon request of the legal holder

of said principal note, bring such legal or equitable proceedings for the collection of the moneys hereby secured as may be necessary; that all expenses and disbursements paid or incurred in behalf of the said trustee in connection with the foreclosure hereof, including reasonable solicitor's fees, outlays for documentary evidence, stenographers' charges, cost of procuring or completing abstract showing the whole title to said premises, embracing foreclosure decree, shall be paid by the grantor; and the like expenses and disbursements occasioned by any suit or proceeding wherein the grantee or any holders of any part of such indebtedness, as such, may be a party, shall also be paid by the grantor. All such expenses and disbursements shall be an additional lien upon said premises, shall be taxed as costs and included in any decree that may be rendered in said foreclosure proceedings.'

"The bill alleges, among other things, the foregoing provisions of the trust deed, a default in the payment of all said notes, that a request had been made of the trust company to institute the suit, and that there was due the amount of each of said notes, together with interest, and, among other things, prays an accounting and decree for the amount due to the complainants, (defendants in error,) including the expenses of suit and reasonable solicitor's fees, and in case of default in payment, for a sale of the premises described in the trust deed.

"The defendants (plaintiffs in error) were served with process, and not having answered, the bill was taken as confessed by both of them, and the cause referred to a master in chancery to take the proofs and report the same to the court, with his opinion upon the law and the evidence. The master took evidence, both oral and documentary, and reported the same, together with his conclusions, to the court, in which report he found that there was due to the complainant the said trust company, on said principal and interest notes, together with interest

thereon from the respective dates of their maturity, the sum of $9680.31, and in addition thereto a solicitor's fee of $484.01, being five per cent of the total amount due on the said notes, and stated in his report that his fees for report and depositions were $20. No objections or exceptions were taken to the master's report, and the same was accordingly approved and confirmed by the decree of the chancellor, and the master's fees on the reference were thereby taxed at $20, and a sale of the premises conveyed by the trust deed directed in default of payment, within five days, of the amount found due by the master, including said solicitor's fees, the costs of suit and said master's fees.

"Pursuant to the decree, and in default of the payments therein provided, the master sold said premises for $7500 to the complainant the trust company, and after paying the costs of suit, master's fees allowed by the decree, and master's fees, commissions and disbursements for advertising, making the sale and report thereof to the court, and said solicitor's fees, and a credit of $6850.35 on account of the amount due on the decree, there remained a deficiency of $2871.63, which he reported to the court. Included in the master's disbursements are two items, one $2.50 for approving decree, and another, seventy-five cents for real estate board fee. The decree directs that the master make the sale 'at the judicial salesrooms of the Chicago Real Estate Board, No. 57 Dearborn street, in Chicago, Cook county, Illinois,' and it appears from the master's report that he made the sale at that place.

"The master's report of sale and proceedings were approved and confirmed by the court March 29, 1900, the court finding that the 'master has in every respect proceeded in due form of law and in accordance with the terms of said decree, and that said sale was fairly and properly made,' and that there was a deficiency due on said decree of $2871.63, which amount the court decreed to stand as a judgment against the defendant Edward

Roby, and that the complainant the trust company have execution therefor. Execution on said deficiency judgment was issued, and thereafter, on June 28, 1900, levy was made by the plaintiff on the title of said Roby of certain lots in South Chicago, Cook county, Illinois, which were sold by said sheriff for $225, and after deducting his fees and costs he paid to the plaintiff's attorney the sum of $211.03, which was credited on the execution, which was returned unsatisfied as to the balance."

JAMES E. MUNROE, for plaintiffs in error.

WILLIAM C. SNOW, and CHARLES HUGH STEVENSON, for defendants in error.

Mr. JUSTICE HAND delivered the opinion of the court:

It is first contended that the court erred in allowing solicitor's fees. We deem the allegations of the bill sufficient to justify the allowance of solicitor's fees, and the plaintiffs in error being in default and having failed to except to the master's report, and a decree *pro confesso* having been entered against them, they are precluded from questioning the competency or sufficiency of the evidence to support the decree. (*Pennell* v. *Lamar Ins. Co.* 73 Ill. 303; *Cheltenham Improvement Co.* v. *Whitehead,* 128 id. 279; *Kinsella* v. *Cahn,* 185 id. 208; *Manchester* v. *McKee,* 4 Gilm. 511; *Glos* v. *Swigart,* 156 id. 229; *Monarch Brewing Co.* v. *Wolford,* 179 id. 252.) We are therefore of the opinion the court did not err in allowing said solicitor's fees.

It is next contended that the court erred in allowing $20 for the master's report and taking testimony, $2.50 for approving decree and seventy-five cents for real estate board fee. Master's fees are fixed by section 20 of chapter 53, (Hurd's Stat. 1899, p. 882,) the material portions of which are as follows: "For taking depositions and certifying, for every one hundred words, fifteen cents; for taking and reporting testimony under order of court,

the same fee as for taking depositions; for computing the amount due on which to render a decree, and making a report thereof to court, where no oral evidence is taken, two dollars; for examining questions of law and fact in issue by the pleadings, and reporting conclusions, whenever specially ordered by the court, a sum not exceeding ten dollars. * * * And no other fee or allowance whatever shall be made for services by masters in chancery. In counties of the third class, masters in chancery may receive for examining questions in issue referred to them, and reporting conclusions thereon, such compensation as the court may deem just, and for services not enumerated above in this section, and which have been and may be imposed by statute or special order, they may receive such fee as the court may allow."

There are only 1245 words in the depositions taken in the case, and the fee for taking them is only $1.86. The master did nothing else except to compute the amount due, and for that work the statute fixed his fee at two dollars. Therefore, under the statute, his total fees for master's report in taking testimony should have been fixed at $3.86, and no more. The last clause of the said section 20 has no bearing on the case. The clauses providing for taking depositions and computing the amount due apply to the exclusion of all the others. They, when read together, mean that for taking and reporting testimony under order of court and for computing the amount due on which to render a decree the master shall be allowed fees at the sums named. The charge of the master for approving decree and the charge for real estate board fee should have been disallowed. It does not appear that the master approved the decree. No statute or special order required him to approve it. There is no such thing known to the law as a real estate board fee to be taxed as costs in any case. Nothing can be allowed as costs, either by the clerk or by the court, but items declared by the statute to be such. *Constant* v. *Matteson*, 22

Ill. 546; *Conwell* v. *McCowan,* 53 id. 363; *Chase* v. *DeWolf,* 69 id. 47; *Smith* v. *McLaughlin,* 77 id. 596; *Byers* v. *First Nat. Bank,* 85 id. 423; *Hutchinson* v. *Hutchinson,* 152 id. 347.

It is further contended that the decree of foreclosure and sale, and all the proceedings thereunder, by reason of the error in taxing costs, should be reversed and set aside. We do not agree with this contention. The record appears to be free from error, with the exceptions indicated with reference to the taxing of costs, and such error can be cured without a reversal of said decree of foreclosure and sale and the setting aside of the sale made thereunder.

The decree of foreclosure and sale of the superior court of Cook county, and the judgment of the Appellate Court affirming the same, and all the proceedings thereunder, with the exception of the taxing of said master's fee at $20, the allowance of $2.50 for approving decree and seventy-five cents for real estate board fee, are affirmed, and as to $16.14 of said $20 allowed for master's report and taking testimony, and $2.50 for approving decree and seventy-five cents for real estate board fee, aggregating the sum of $19.39, said decree of the superior court and the judgment of the Appellate Court are reversed, and as to that part of said decree the cause is remanded to the superior court of Cook county, with directions to that court (it appearing that all the costs have been paid by a sale of said premises to the defendant in error the said trust company) to credit upon said deficiency decree the sum of $19.39, that amount having been illegally taxed as costs against the plaintiffs in error. It is further ordered that the plaintiffs in error and the defendants in error each pay one-half of the costs occasioned by reason of the suing out of this writ of error.

*Decree affirmed in part and reversed in part and remanded, with directions.*