DETERMINED IN THE

## THIRD DISTRICT

OF THE

# APPELLATE COURT OF ILLINOIS,

### DURING THE YEAR 1905.

---

### R. W. Coates v. W. R. Hill.

1. COSTS—*when taxation of storage charges justified.* Where the sheriff has levied a distress warrant upon corn, it is proper to tax as costs a charge for the necessary storage thereof during the disposition of the case.

2. COSTS—*what does not preclude moving for taxation of.* Where a party against whom a distress for rent has issued, gives a forthcoming bond and receives back the property levied upon, he may pay the storage charges thereon and subsequently apply for the taxation thereof in his favor if successful in the cause; of necessity, in such case, the propriety of the charge is open to consideration by the court.

Distress for rent. Appeal from the County Court of Piatt County; the Hon. F. M. SHONKWILER, Judge, presiding. Heard in this court at the November term, 1904. Affirmed. Opinion filed April 20, 1905.

REED, EDIE & REED, for appellant.

SENTEL & WHITFIELD, for appellee.

MR. PRESIDING JUSTICE BAUME delivered the opinion of the court.

Appellant levied a distress warrant upon a quantity of corn raised upon his premises occupied by appellee as a tenant, and stored the same in cribs belonging to Bartlett, Kuhn & Co., grain buyers at Chipps Station. Before final judgment in the distress proceedings, appellee gave a forthcoming bond, provided for by statute, and demanded

(1)

possession of the corn, but the owners of the cribs refused to surrender such possession unless appellee paid the sum of $162, claimed to be due for storage charges thereon. Subsequently, upon the dismissal of the distress proceedings by appellant at his costs, appellee filed a motion to have the storage charges paid by him, taxed as costs in the case against appellant. Without objection, the court determined the question involved upon the consideration of affidavits filed on behalf of the respective parties, and ordered the storage charges so paid by appellee, to be taxed as costs against appellant.

It is not claimed by appellant that he did not procure storage for the corn levied upon, but it is insisted, that in the absence of a statute, fixing the amount of storage charges in such cases, and authorizing the same to be taxed as costs, the court was without authority to order the same to be so taxed; that the proof did not justify the court in finding that $162 was a proper charge for storage; that by the terms of the agreement entered into between appellant and the authorized agent of Bartlett, Kuhn & Co., no storage was to be charged if the corn was sold to said firm, as it subsequently was; and that the payment by appellee of the storage charges claimed to have been contracted for by appellant, was a voluntary payment.

Costs are purely matters of statutory regulation and may not be adjudged against a party upon merely equitable or moral grounds. The procedure in distress for rent is analogous to that in attachment, and by express provision of the statute (sec. 20, chap. 80), is governed in part by the provisions of the Attachment Act. Section 19 of Chapter 53 relating to fees of sheriffs, provides: " For taking possession of or removing property levied on, the officer shall be allowed to tax the actual costs of such possession or removal." It was held in Olds v. Loomis, 10 Ill. App. 498, and we think properly, that the necessary actual costs of taking possession of, removing and keeping property taken on a writ of attachment, are to be primarily determined by the court.

The distress warrant in this case was levied by the

*Coates v. Hill.*

sheriff, and the corn, in contemplation of law, was thereafter in his custody abiding the final determination of the suit, or such order as the court might make in the premises with reference to its prior disposition, and a charge for the necessary storage of the corn during such time was a proper item to be taxed as costs in the case.    While the arrangement under which the corn was stored in the cribs of Bartlett, Kuhn & Co., was entered into between their agent and appellant, the latter was acting in that behalf for the sheriff, as its custodian.

Appellee upon tendering a proper forthcoming bond was entitled to have the corn released from the levy and take it into his possession.    He might have refused to pay the storage charges demanded by the agent of Bartlett, Kuhn & Co., and applied to the court for an order directing the sheriff to deliver the corn to him, upon payment of the necessary and proper storage charges, then to be ascertained and fixed by the court, in which case the amount so ascertained and fixed by the court would be proper taxable costs in the case.    Appellee in paying the amount demanded for storage charges, without first obtaining such order of the court, took the chances of having the amount so paid subsequently approved by the court as a necessary and proper charge, but we do not think such payment by him should be held to be voluntary, in the sense that it precluded him from moving the court to ascertain and fix the proper amount and tax the same as costs in the case.

If the procedure here adopted could be said to be irregular, the record does not show it was objected to by appellant, but rather that it was acquiesced in by him and that the only question submitted to the court for determination was the propriety of the amount sought to be taxed as costs.    This was purely a question of fact, upon which the evidence pro and con was close and conflicting, and we are not disposed to say that the court erred in its findings that the contract for storage of the corn was as contended for by appellee and that $162 was a proper amount to be taxed as costs.    The judgment is affirmed.

*Affirmed.*