## Terminal Railroad Association v. Thomas B. Larkins.

1. MOTION TO RE-TAX—*how far considered by Appellate Court.* A motion to re-tax costs of the Appellate Court only raises the question as to the propriety of the costs taxed in that court.

2. TAXATION OF COSTS—*when improper in Appellate Court.* Costs accruing in the trial court are not properly taxable in the Appellate Court.

Motion to re-tax costs. Appeal from the City Court of East St. Louis; re-docketed by leave of court February term, 1906. Judgment here. Opinion filed April 2, 1906.

FRANK C. SMITH and M. MILLARD, for appellant.

J. M. HAMILL, for appellee.

MR. JUSTICE CREIGHTON delivered the opinion of the court.

The proceeding now before us in the above entitled case is by appellee, in replevin of a fee-bill-execution issued out of this court in favor of appellant and against appellee for the collection of costs. The original cause was brought to this court on appeal, February term, 1903, and on September 10, 1903, judgment of this court was entered reversing the judgment of the trial court and awarding costs of appeal to appellant. That case is reported in 112 Ill. App. 366.

On the 29th day of September, 1905, a fee-bill-execution was duly issued from this court to the sheriff of St. Clair county, commanding him to collect from appellee the sum of $320, as appellant's costs in this court. On October 9, 1905, appellee gave to the sheriff good and sufficient bond for replevy of the fee-bill, and thereupon the sheriff returned the fee-bill and bond to this court, as the statute in

such cases provides. At the following term, appellee having given notice to appellant of his intention so to do, appeared and moved the court to re-docket the case and re-tax the costs. The court granted the motion to re-docket the case and allowed suggestions to be filed by appellee in support of the motion to re-tax the costs, and allowed counter suggestions to be filed by appellant in opposition thereto. The suggestions and counter suggestions are supported, in part, by affidavits which the court accepts as evidence. These affidavits together with what is disclosed in the record in the original case and in the fee-bill, constitute the evidence upon which we act in the matter here presented.

The only item of the fee-bill which appellee challenges is an item of $247, for transcript of the record. This item is made up of $203.50, paid by appellant to the court reporter for transcribing the evidence, and $43.50, paid to the clerk of the City Court for making copy of record.

No question can be considered here except as to such costs as may be lawfully taxed in this court. None of the costs taxed or taxable in the trial court are in any way involved in this proceeding.

" Costs are not given at common law and are only taxable or recoverable when awarded by statute." Fish v. Farwell, 33 Ill. App. 242. " Statutes imposing costs are to be strictly construed, since they are penal in their character and are regarded as creating liabilities which did not exist at common law." Gehrke v. Gehrke, 190 Ill. 166. "Nothing can be allowed as costs, either by the clerk or by the courts, but items directed by the statute to be so allowed." Roby v. Chicago Title and Trust Co., 194 Ill. 228. From the above cited cases and many others to the same effect, it is clear that warrant must be found in the statute for the taxing of each item of costs, before the same can be lawfully done.

The original record in every case that comes to the Appellate Courts, or to the Supreme Court of this State on appeal, or error, must be fully made in the trial court and

all the costs incident to the making of such record pertains wholly to that court.

The transcript in this case consisted of 133,888 words. Of this number 12,960 were embraced in the common law part of the record and 120,928 in the bill of exceptions. The clerk transcribed the common law part of the record, and appellant transcribed the bill of exceptions ("presented to the clerk a fair copy of the bill of exceptions"). The clerk compared appellant's copy with the original bill of exceptions and inserted it into the transcript and certified to it as part thereof.

The fee provided by statute in counties of the second class, for transcribing records by the clerk, is eight cents per 100 words. In such case the clerk is allowed no fee for comparing. He cannot lawfully charge any fee for comparing the copy made by himself. For comparing the copy furnished him by appellant he is allowed three cents per 100 words; and appellant, having been successful on its appeal, is allowed ten cents per 100 words of the bill of exceptions, for having furnished "a fair copy" of the same to be "inserted" in the transcript. Hurd's Revision of 1903, chap. 53, sec. 14, and sec. 68.

Counsel for appellant refer us to chapter 37, section 82b, Hurd's, 1903, and contend that appellant is entitled to have taxed in the Appellate Court as part of the costs of its appeal the sum of $183.36, paid to the court stenographer for transcribing his notes of the evidence, for use in preparing the bill of exceptions.

We are of opinion that any costs taxable under that section of the statute must be taxed in the trial court. The subject-matter therein pertains wholly to that court's jurisdiction. If it be conceded, as counsel contend, that it was the principal purpose of that statute to provide such transcript, that it might be used in preparing a bill of exceptions, this would not change the fact that it pertains wholly to the proceedings in the trial court. The preparing, signing, sealing and filing of the bill of exceptions are all parts

Terminal R. R. Ass'n v. Larkins.

of the proceedings in that court, and all necessary to the making of a complete record of the case in this court.

The item in question should have been estimated on the following basis:

12,960 words transcribed by the clerk, eight cents
  per 100................................$ 10.37
120,928 words compared by the clerk, three cents
  per 100............................... 36.28
120,928 words of copy of bill of exceptions, fur-
  nished by appellant at ten cents per 100.. 120.92

   Total...................................$167.57

We find that the amount of costs taxed in the fee-bill is excessive and not authorized by law. It is therefore ordered and adjudged by the court that the said fee-bill and bond be and the same are quashed. And it is further ordered and adjudged by the court that the costs in said cause be re-taxed, in this, that the item in the said fee-bill designated "Trans. $247.00" be taxed at the sum of $167.57, instead of $247.00, as it now appears, and that appellant pay the costs of this proceeding.

*Judgment.*

# CASES

DETERMINED IN THE

# FIRST DISTRICT

OF THE

# APPELLATE COURT OF ILLINOIS

### DURING THE YEAR 1906.