### Thomas Crowe v. Otto Taylor.

1. COSTS—*power of court with respect to taxation of.* Costs are purely matters of statutory regulation and they may not be adjudged against a party upon merely equitable or moral grounds. For a like reason, it may be said that where the statute designates and directs a specific item to be taxed as costs and recovered by the successful party to a litigation, courts are not authorized to relieve the unsuccessful party of the payment of such costs upon merely equitable or moral grounds.

2. COSTS—*what taxable for transcript of clerk.* Where the clerk makes up the transcript of the record for appeal without using the original bill of exceptions, the costs which are taxable in favor of the successful party are those costs fixed by statute and not the amount which the successful party upon the appeal may have actually paid for the making up of such transcript.

Trespass. Error to the Circuit Court of Ford county; the Hon. THOMAS M. HARRIS, Judge, presiding. Heard in this court at the November term, 1906. Affirmed. Opinion filed June 1, 1907.

CLOUD & THOMPSON and FRANK LINDLEY, for plaintiff in error.

CHARLES M. PEIRCE and SCHNEIDER & SCHNEIDER, for defendant in error.

MR. JUSTICE BAUME delivered the opinion of the court.

This writ of error is prosecuted to reverse an order of the Circuit Court of Ford county in the matter of the motion by plaintiff in error to retax certain costs in a case in which defendant in error was plaintiff and plaintiff in error was defendant. In an action of trespass in the Circuit Court of Ford county by defendant in error against plaintiff in error there was a verdict for plaintiff in error and judgment against defendant in error for costs, from which judgment defendant in error prayed an appeal to the Appellate Court.

Defendant in error procured from the shorthand reporter of the Circuit Court a typewritten transcript of the shorthand notes of the evidence and paid to such shorthand reporter therefor $121.50, and also procured from said shorthand reporter a carbon copy of said transcript, for which he paid $13.50. The clerk of the Circuit Court then taxed as costs in the case the sum of $135.50, being the total amount of the payments by defendant in error to the shorthand reporter. The original transcript of the shorthand reporter's notes was incorporated in the bill of exceptions, which was filed and remained with the papers in the case in the office of the circuit clerk and the carbon copy was incorporated in the transcript of the record, which was filed in the office of the clerk of the Appellate Court. For his fees in making up the transcript of the record and comparing the copy of the bill of exceptions, the clerk of the Circuit Court taxed as his costs in the case the sum of $50.75. Upon appeal to the Appellate Court, the judgment of the Circuit Court was reversed and the cause remanded for another trial. In making up a fee bill on appeal, the clerk of the Appellate Court taxed as costs in favor of defendant in error and against plaintiff in error, the unsuccessful party on such appeal, the sum of $177, being the cost of the transcript furnished by defend-

ant in error, as computed at fifteen cents for each one hundred words thereof. Plaintiff in error paid the taxable costs in the Appellate Court, including said sum of $177, and that amount was paid by the clerk of the Appellate Court to defendant in error, as and for the cost of the transcript furnished by him, taxed in pursuance of the statute.

Thereafter, the case was again tried in the Circuit Court of Ford county, where there was a verdict against plaintiff in error for $125 damages and judgment thereon for that amount, together with costs of suit.

The motion of plaintiff in error to retax costs represents that the sum of $177 paid by him to the clerk of the Appellate Court, as costs taxed for the transcript of the record filed in said court, are the same costs which are taxed by the clerk of the Circuit Court at $135, and asks that the clerk of the Circuit Court be directed to retax said item of costs against the defendant in error. Upon the hearing on said motion, the Circuit Court entered an order overruling the motion as to $121.50 of the $135 taxed as costs for the original transcript of the evidence, and sustaining the same as to $13.50, taxed as costs for a copy of the said transcript of evidence.

Section 2 of the act in relation to the appointment of shorthand reporters and prescribing their duties and compensation, so far as it is here pertinent, is, as follows: ''Said reporters shall be allowed to charge not to exceed fifteen cents per hundred words for making transcripts of said shorthand notes, to be paid in the first instance by the party on whose behalf such transcript is ordered, and allowed and taxed as costs in the suit, and the transcript when so paid for by the party ordering it and the charges for the same is taxed as costs, the same shall be filed and remain with the papers in the case.'' Hurd's Stat. 1905, 616.

Section 1 of an act concerning fees and costs on appeal and error provides as follows: ''That when-

ever any party to any suit or proceeding in any court of record in this state, desires to take an appeal or prosecute a writ of error from any judgment or decree of such court, rendered in any such suit or proceeding to the Appellate or Supreme Court and shall present to the clerk of such court, where such judgment or decree was rendered, a fair copy of the bill of exceptions or certificate of evidence or other papers not of record in such cause necessary to be transcribed the clerk shall, in making up the transcript of the record for such appeal or writ of error, be allowed three cents for each one hundred words, for comparing such copies with the originals, or with the record thereof, and for correcting any errors in the same; Provided, that in no case shall the fee for such services be less than one dollar; and he shall insert such copy in the record and certify to the same as a part thereof. And in counties of the second and third class, the party furnishing such transcript and who shall be successful on such appeal or writ of error, shall recover as costs against the unsuccessful party, not furnishing such transcript, ten cents for each one hundred words thereof, and in counties of the first class fifteen cents for each one hundred words thereof, together with such other costs as may be allowed by law: Provided, that the parties to such appeal or writ of error may, by agreement, have the original bill of exceptions or certificate of evidence instead of a copy, incorporated in such transcript of the record, without paying or being liable to pay any fees or costs therefor.'' Hurd's Stat. 1905, 1076.

Costs are purely matters of statutory regulation and may not be adjudged against a party upon merely equitable or moral grounds. Coates v. Hill, 120 Ill. App. 1. For the like reason it may be said that where the statute designates and directs a specific item to be taxed as costs and recovered by the successful party to a litigation, courts are not authorized to relieve the unsuccessful party of the payment of such costs upon merely equitable or moral grounds.

The apparent difficulty in this case arises from a failure to distinguish between the costs of the original transcript of the evidence by the shorthand reporter which is incorporated in the bill of exceptions signed by the trial judge and filed with the clerk of the Circuit Court, to remain with the papers in the case, and the cost of the copy of such transcript which is incorporated in the transcript of the record by the clerk of the Circuit Court and filed with the clerk of the Appellate Court.

The cost of the original transcript of the evidence filed with the circuit clerk, and to be taxed by him, is the compensation of the shorthand reporter for transcribing his stenographic notes, for which service he is entitled to charge not to exceed fifteen cents per one hundred words.

If the parties agree that the original transcript of the evidence shall be incorporated in the record to be filed in the Appellate Court, the statute provides that the same may be done without paying or being liable to pay any fees or costs therefor, but in the absence of such agreement the appellant or plaintiff in error is required to furnish a copy of such original transcript for that purpose, and for the transcript so furnished, the party furnishing the same, if successful on his appeal or writ of error, is entitled to recover against the unsuccessful party, in counties of the first class, fifteen cents for each one hundred words thereof. It will be observed that the cost to the successful party furnishing such copy, of the copy furnished, bears no relation to the taxable cost therefor in the Circuit Court. The statute does not say that the successful party shall recover as costs the amount paid by him for the copy furnished, but the amount he is entitled to recover is definitely fixed at fifteen cents for each one hundred words in counties of the first class.

The cost of the original transcript filed in the Circuit Court, as well as the cost of the copy filed in the Appellate Court, as fixed by statute, is to be taxed

by the clerk of the Circuit Court. The shorthand reporter's charge for the original transcript in the case at bar, was $121.50, and the clerk of the Circuit Court was not authorized to tax a greater amount as costs. That, however, is a separate and distinct item of cost, from the item of cost for the copy of the transcript filed in the Appellate Court.

The fact that defendant in error paid only $13.50 for the copy of the transcript filed in the Appellate Court cannot affect his right to recover its cost as fixed by statute. If he had personally made the copy, expending nothing but his own time and labor, he would still be entitled to recover its cost as taxed at fifteen cents for each one hundred words, in pursuance of the statute.

The order of the Circuit Court was right and will be affirmed.

*Affirmed.*