## Smith Fuller, Appellant, v. Robert H. Reid, Appellee.

COSTS—*when shorthand reporter's fees for making transcript are taxable as costs.* Where plaintiff in a case, upon verdict being rendered for defendant and plaintiff's motion for a new trial being overruled and judgment rendered against him, prayed an appeal which was allowed, filed his appeal bond and caused a bill of exceptions to be prepared, he was entitled to tax as costs the fees of the shorthand reporter for making a transcript of the evidence, where a second trial was determined in his favor, though the bill of exceptions was not used because, when it was properly presented to the trial judge for his signature, the court, of its own motion, set aside its former orders approving the appeal bond and for a bill of exceptions and overruling the motion for a new trial as well as the judgment appealed from, and then and there granted a new trial on the merits.

Appeal from the Circuit Court of DeWitt county; the Hon. GEORGE A. SENTEL, Judge, presiding. Heard in this court at the October term, 1920. Reversed and remanded with directions. Opinion filed October 25, 1921.

W. F. GRAY, HERRICK & HERRICK and L. O. WILLIAMS, for appellant.

E. J. SWEENEY, ARTHUR F. MILLER and HOFF & HOFF, for appellee.

MR. PRESIDING JUSTICE GRAVES delivered the opinion of the court.

Appellant began this suit. On the first trial a verdict was rendered for the defendant, the appellee here. A motion by appellant for a new trial was overruled and a judgment was rendered against appellant for costs. He prayed an appeal which was allowed. He filed his appeal bond within the time required by the order of the court granting the appeal and the same was approved. He caused the bill of exceptions to be prepared and presented it to the trial judge for his

signature within the time fixed for so doing by the court. When the bill of exceptions was presented for signature, the court of its own motion set aside its former orders approving the appeal bond and for bill of exceptions, and overruling the motion for a new trial as well as the judgment appealed from, and then and there granted a new trial of the cause on its merits. Whereupon the plaintiff, appellant here, made an oral motion to tax the expense of the transcript of the evidence in the sum of $131.50 as costs in the case. At the second term thereafter the cause was again tried by a jury that found the issues in favor of appellant. No' motion for a new trial was made by either party and judgment was rendered on the verdict against appellee and in favor of appellant. Thereafter, the oral motion to tax the costs of the transcript that had been prepared for a bill of exceptions on appeal from the former judgment of that court was heard and denied. It is to review that order that this appeal has been perfected.

Appellant bases his right to have the expense of the transcript of the evidence above referred to taxed as costs on the provisions of section 2 of an Act in relation to shorthand reporters, approved May 21, 1919, and found on page 416 of the Laws of 1919 (Cahill's Ill. St. ch. 37, ¶ 155). So much of that act as is pertinent to the issues here is as follows:

"Said reporters shall be allowed to charge not to exceed fifteen cents per one hundred words for making transcripts of said shorthand notes, to be paid in the first instance by the party on whose behalf such transcript is ordered, and allowed and taxed as costs in the suit, and the transcript when so paid for by the party ordering it, and the charges for the same is taxed as costs, the same shall be filed and remain with the papers in the case."

The identical language above quoted appeared in a former law on the same subject and was construed by this court in the case of *Crowe v. Taylor*, 134 Ill. App.

355, to require the clerk of the circuit court to tax as costs, to be paid by the party who in the end was unsuccessful, the shorthand reporter's fees for transcribing his notes to make a bill of exceptions, which bill of exceptions the law requires must remain in the office of the clerk of the circuit court unless by agreement of the parties it is incorporated in the transcript of record that is transmitted to the Appellate Court.

The transcript of evidence, the cost of which appellant now seeks to have taxed as costs in this case, was made necessary, as it now appears, by the rendition of an improper judgment against appellant from which he was required to appeal in order to obtain justice as well as by the order granting him the right to appeal. With him it was not a matter of convenience. He could not appeal without a bill of exceptions and he could not get a bill of exceptions without a transcript of the evidence. It was only by the conduct of the court in voluntarily setting aside its judgment and granting a new trial when the bill of exceptions was presented to him for approval that the transcript in question was made useless to him. Its preparation, however, produced the desired result, i. e., the reversal of the unjust judgment. If the bill of exceptions had been signed by the judge when it was presented and the appeal had been prosecuted to a final order of the Appellate Court reversing the judgment appealed from, there would then have been no doubt of the right of appellant to have the expense of it taxed as costs, even if the reversal had been for some defect in the proceeding entirely disconnected with the bill of exceptions, as, for instance, a total want of jurisdiction of the parties in the circuit court. Under the facts in this case, not only the letter of the statute but the spirit of it as well entitled appellant to have the expense of the transcript taxed as costs to be paid by the party who in the end was unsuccessful. Appellee insists that the transcript was not filed

by the clerk and left with the papers in the case and therefore the expense of it could not be taxed as costs. The statute only requires a transcript to be filed by the clerk and left with the papers in the case *after* it has been paid for by the party ordering it and after it has been taxed as costs.

The judgment of the circuit court in refusing to tax as costs the fees of the shorthand reporter is reversed and the cause is remanded to that court with directions to tax as costs all proper fees of the shorthand reporter for making the transcript in question.

*Reversed and remanded with directions.*