John Darwin Ellison, Minor, By His Mother and Next Friend, Nora Newton et al., Appellants, v. Terzie K. Ward, Trustee of Estate of Robert R. Ward, Deceased, et al., Appellees.

Opinion filed March 13, 1939.

D. F. Moore, of Benton, and Henry T. Martin, of Chicago, for appellants.

Roy C. Martin, Layman & Johnson, Williams & Harrison, W. H. Hart and Hickman & Hickman, all of Benton, for appellees; Moses Pulverman, of Benton, of counsel.

Per Curiam.

At the 1938 February term of this court an order was entered in this case reversing and remanding with directions. *Ellison v. Ward,* 294 Ill. App. 197. There was no order in reference to the taxing of costs. Subsequent thereto the clerk of this court issued a remanding order and fee bill. The fee bill contained the following items of costs, (a) Filing fee—$20, (b) Transcript of the record—$133.50, (c) Abstract of the record—$122.50, (d) Remanding order—$2.50. At the May term of this court appellee on the appeal moved to redocket the case and retax the costs. The item of costs objected to is item (b) "Transcript of the record—$133.50." The other items are conceded to be correct.

Appellants object to redocketing the case and retaxing the costs on the ground that it was filed too late. Section 26, ch. 33, Ill. Rev. Stat. 1937 [Jones Ill. Stats. Ann. 107.064] provides that any party who feels himself aggrieved by the taxation of any bill of costs by the clerk may apply to the court where the proceeding is pending to have the same retaxed according to law. In *Chicago. City Ry. Co. v. Burke,* 102 Ill. App. 661, it was held that a motion to retax costs could be made upon notice after the close of the term at which the judgment was entered. To the same effect is *In re*

*Dunning,* 213 Ill. App. 602; *Tanton v. Keller,* 78 Ill. App. 31; 15 Corpus Juris 188. The question was not raised in *Terminal R. Ass'n v. Larkins,* 127 Ill. App. 80 but in that case this court permitted the retaxing of costs where the application was made at a subsequent term. Appellee's motion was made in apt time.

Section 25, ch. 33 [Ill. Rev. Stat. 1937; Jones Ill. Stats. Ann. 107.062] provides, "The clerk of any court in this state is hereby authorized and required to tax and subscribe all bills of costs arising in any cause or proceeding instituted in which he is clerk, agreeably to the rates which shall, for the time being, be allowed or specified by law; and shall in no case allow any item or charge unless he shall be satisfied that the service for which it was made was actually performed in the cause."

The common law does not authorize taxing or allowing costs in any case and hence in this State judgment for costs must rest upon statutes. Where the legislature has not authorized them they should not be awarded. It is also the general rule that statutes which impose costs are to be strictly construed. *Gehrke v. Gehrke,* 190 Ill. 166; *Galpin v. City of Chicago,* 249 Ill. 554. Nothing can be allowed as costs, either by the clerk or by the court except the items declared by the statute to be such, *Roby v. Chicago Title & Trust Co.,* 194 Ill. 228.

Section 31, ch. 53 [Ill. Rev. Stat. 1937; Jones Ill. Stats. Ann. 48.013] provides that the fees of the clerk of the circuit court in counties of the first and second class shall be paid in advance and that for each record of proceedings and judgment or decree whether on appeal, error or change of venue certified copies of orders and decrees and all other instruments, the fee shall be 20 cents for each 100 words.

Section 81, ch. 53 [Ill. Rev. Stat. 1937; Jones Ill. Stats. Ann. 48.067] provides that in all cases when any

party desires to take an appeal or sue out a writ of error from any judgment or decree of any court of record, and shall present to the clerk a fair copy of the bill of exceptions, report of proceedings at the trial, etc. The clerk for making up the transcript of the record for such appeal or writ of error shall be allowed 3 cents for each 100 words for comparing such copies with the original or with the record thereof and for correcting errors therein. It is further provided in said section that the party furnishing such transcript and who shall be successful on such appeal or writ of error shall recover as costs against the unsuccessful party not furnishing such transcript the amount of fees authorized by law charged by the clerk of the court from which the appeal was taken or to which the writ of error was directed, for making up the record, and the amount of fees authorized by law charged by the reporter for preparing the transcript of the evidence in said cause. Provision is also made to insert the original transcript of evidence either by agreement of parties or by order of court and in either event the clerk is not privileged to make any charge.

It will be noted that section 81 authorizes the taxing of costs when they are authorized by law and charged by the clerk. If the clerk does not receive or charge costs there would be no basis for taxing costs against the unsuccessful party. The costs therein provided for are costs that are taxed or taxable in the trial court and with which the clerk of this court has no concern. *Terminal R. Ass'n v. Larkins, supra.* In support of appellee's motion it is stated that there was nothing in the transcript showing that the clerk of the trial court had taxed any costs.

The costs taxable by the clerk of the trial court are not before this court on appeal unless the matter is properly presented in the record and the clerk of this court in taxing costs is limited to the costs incurred in

this court and which are authorized by statute or by rule of this court.

Appellant relies upon *Crowe v. Taylor*, 134 Ill. App. 355. At the time of the decision in the *Taylor* case, section 81 provided that the successful party on appeal who had furnished the transcript should recover as costs against the unsuccessful party not furnishing such transcript, 10 cents for each 100 words. The *Taylor* case construing this provision held that an unsuccessful party was liable for costs taxed in the lower court in addition thereto 10 cents per hundred words on the transcript in the Appellate Court. The amendment of 1921 changed this provision so that the *Taylor* case is not in point.

There was no authority for the taxing of item (b) "Transcript of the record—$133.50" and the said item is ordered expunged from the records of this court as an item of costs and the said fee bill is quashed and another may issue omitting said item.