## John Neely v. Henry A. Shephard.

1. PRACTICE—*What Constitutes a Jury.*—In the absence of qualification the word "jury" means a jury of twelve men.

2. JURIES—*In the Circuit Court.*—The act governing juries in the Circuit Courts has no qualification, and provides that a jury shall consist of twelve men.

3. SAME—*On Appeals from Minor Jurisdictions.*—When an appeal is taken from a minor jurisdiction to the Circuit Court, the cause stands for trial *de novo*, according to the practice of the Circuit Court, and not by that of the inferior tribunal.

4. SAME—*In Trials of Insane Persons, on Appeal from the County Court.*—On the trial of applications for the appointment of conservators for insane persons in the Circuit Court, on appeal from the County Court, the trial is to be by a jury of twelve men according to the practice of the Circuit Court, and not by a jury of six as in the County Court.

Application for the Appointment of a Conservator.—Appeal from the Circuit Court of Jersey County; the Hon. OWEN P. THOMPSON, Judge, presiding.  Heard in this court at the May term, 1900.  Affirmed.  Opinion filed September 11, 1900.  Rehearing denied.

GEORGE W. HERDMAN, HAMILTON & HAMILTON, and G. VAN HOOREBEKE, attorneys for appellant.

THOMAS F. FERNS, and BELL & BURTON, attorneys for appellee.

MR. JUSTICE WRIGHT delivered the opinion of the court.
Appellee filed a petition to the County Court for the

appointment of a conservator for appellant under the provisions of chapter 86, Revised Statutes, declaring that John Neely was distracted and of unsound mind and unfit to properly manage or control his property.   In that court such proceedings were had upon the petition as that appellant was, by a jury, under the provisions of chapter 85 R. S., found to be a distracted person.   From the judgment of the County Court upon this finding an appeal was taken to the Circuit Court, where, upon call of the case for trial, a jury of twelve was called in the usual manner.   Appellant, however, interposed at this time a motion to have the cause tried by a jury of six, one of whom should be a qualified physician, which motion the court overruled.   The evidence was then presented to the jury; and many old acquaintances, neighbors and friends of appellant, persons who had known appellant all their lives, testified on the issue then before the court.   Some uncontroverted facts are that appellant is now past seventy years of age, has always been a farmer, and when about twenty years old was a promising young man, bright and intelligent.   At that period it seems that in a race he was thrown or fell from a horse and was injured, and lay in an unconscious state for several hours.   Many of the witnesses revert to the time of this injury as a turning point in the life of appellant and give their opinions that he never recovered from effects of the injuries then received, and has never since been bright; and these witnesses also give it as their opinions, in substance, that appellant is distracted, and is unfitted to properly manage his estate and to transact ordinary business, and they tell many incidents which would tend to prove that at times at least, the mind of appellant has been disturbed.   On the other hand, many witnesses, from apparently as advantageous points of view, give the opinion that Neely is perfectly competent in his station and walk of life; and give point to the fact that he has accumulated and kept much property, both real and personal, and deals with it.   Strenuous objection was made by appellant against admitting the opinions of these witnesses against him, which were

overruled by the court; and at the close of the evidence for the petitioner and again at the close of all the evidence, appellant made a motion and offered an instruction in effect to find the issue for appellant, which the court overruled and refused.

The jury returned their verdict finding that the appellant was a distracted person who is incapable of managing and caring for his own estate, and who has not sufficient mental capacity to transact ordinary business; and, after a motion for a new trial was made and overruled, the court on motion of appellee appointed Henry A. Shephard conservator of John Neely; and overruled a motion to set aside the order appointing a conservator; and this appeal is taken to reverse the judgment of the court upon such proceedings and the errors chiefly urged will be noticed in order.

It has been held as the law that in the absence of qualification the word "jury" means a jury of twelve. (Bibel v. The People, 67 Ill. 172.) The act governing juries in the Circuit Courts of the State (Chap. 78, R. S.) has no qualification for that court and specifically provides that a jury there shall consist of twelve. When an appeal is taken from a minor jurisdiction to the Circuit Court it is the practice for the cause to stand for trial *de novo* according to the practice of the Circuit Court and not by that of the inferior tribunal. It can not be held that section 7 of chapter 85 is in anywise a qualification or any part of chapter 78. Except for law terms, chapter 78 does not apply to County Courts and then only at the discretion of the county judge. (Sec. 200, Chap. 37.) Formerly there was no appeal from the provisions of chapter 85; but as the act now stands, modification of 1893, such an appeal is given. However, there is no indication that the legislature intended to impose thereby a qualification upon the uniform practice of jury trials in the Circuit Court; and it must be held that those provisions alone concern the County Court. We therefore feel fully warranted in the conclusion that appellant's motion in the Circuit Court to discharge the jury of twelve and to have the cause tried in another way was properly denied by that court.

We are satisfied from a perusal of the evidence submitted to the jury that there was sufficient to warrant the finding. It is true the burden of proof was upon appellee and that the evidence was vast and conflicting upon the narrow issue tried; and it may be that had the verdict been the other way it could have been sustained. But the jury were the judges of what was proved; and men have an intuitive perception of the failing mental capacity and are able to judge from the evidence when confronted with it whether a distraught or simple person is capable of the ordinary business of life.

They have decided that question according to the forms prescribed and we can not say the finding is unsupported. Appellant's contention that the witnesses for appellee were, to his prejudice, permitted to give opinions as to his condition upon the issue, is wholly without merit. The witnesses were well acquainted with appellant and if they had opinions as to his condition founded upon facts, should be and were allowed to state them. In this there was no error; it was for the jury to weigh such evidence and give it credence.

Appellant was permitted to fully answer the evidence complained of and upon the whole we are satisfied there was no error prejudicial to appellant in admitting or refusing testimony.

We have carefully examined the instructions of the court to the jury and are convinced as fair a statement of the law was given as the rights of appellant demanded; and that the elements of the instructions refused were stated in others given. The motion and instruction offered at the close of the testimony in substance to direct a verdict for appellee was properly refused for the reason there was evidence tending to sustain the charge of the petition. Having overruled the motion for a new trial it was in order for the court to proceed upon the finding and to appoint a conservator. This was done in the person of appellee and we are unable to discover from anything in this record why the court should have vacated that order. There was no error in overruling the motion to vacate such order. Hav-

ing then, as we feel, fully considered the matters urged against this judgment, we are impelled to say that appellant was accorded a fair and impartial trial and if, as this proceeding concludes, this appellant has been overtaken by a weakness that renders him incompetent in the ordinary affairs of this life, it is due to him that the law shall conserve what his thrift, what his energy in bygone days, has produced. The jury evidently believed the evidence proved what they found in their verdict, and no doubt were sincere in the finding; and as it was warranted the verdict must be considered as conclusive of the issue.

Finding no error in the proceeding of the Circuit Court its order will be affirmed.