## JOHN NEELY

*v.*

## HENRY A. SHEPHARD.

*Opinion filed June 19, 1901.*

1. LUNATICS—*appealed lunacy inquest should be heard by a jury of twelve in circuit court.* Section 7 of the act on lunatics, providing that "in all cases of inquest by jury the jury shall consist of six persons," one of whom must be a physician, applies only to the county court, and on appeal to the circuit court from the county court's judgment finding the respondent to be a distracted person, the customary jury consisting of twelve men should try the case.

2. SAME—*who are qualified to give opinions as to respondent's sanity.* Persons who are well acquainted with the respondent in a lunacy inquest, and whose opinions appear to be founded upon the facts as to his condition, may properly be allowed to give such opinions, the weight to be given them being a question for the jury.

*Neely* v. *Shephard*, 92 Ill. App. 422, affirmed. ·

WRIT OF ERROR to the Appellate Court for the Third District;—heard in that court on appeal from the Circuit Court of Jersey county; the Hon. O. P. THOMPSON, Judge, presiding.

GEORGE W. HERDMAN, HAMILTON & HAMILTON, and G. VANHOOREBEKE, for plaintiff in error.

THOMAS F. FERNS, and BELL & BURTON, for defendant in error.

Mr. CHIEF JUSTICE WILKIN delivered the opinion of the court:

This is a proceeding by petition for the appointment of a conservator for John Neely, originally filed in the county court of Jersey county. The hearing in the county court was according to section 7 of chapter 85 of our statutes. The respondent was found to be a distracted person and unfit to manage and control his property. From the judgment of the county court upon this finding an ap-

peal was taken to the circuit court. There the cause was tried by a jury of twelve persons, according to the usual practice in the circuit court. When the jury was being empaneled a request was made that the respondent be tried in the same manner as in the county court,—that is, by a jury of six persons, one of whom should be a physician,—but the request was denied and respondent entered an exception. The trial resulted in a verdict and judgment the same as in the county court. Upon appeal to the Appellate Court for the Third District that judgment was affirmed, and the cause is brought here upon writ of error.

The chief error assigned in the Appellate Court and urged here is the action of the circuit court in refusing to try respondent by a jury of six persons, as provided by section 7 of chapter 85, *supra.* We think no error was committed in this regard. The section in question provides: "In all cases of inquest by jury, the jury shall consist of six persons, and one of the jurors at least must be a qualified physician, and the proceedings shall conform in all respects, as nearly as may be, to the ordinary practice of the county court." (Hurd's Stat. 1897, p. 1055.) In compliance with this provision the respondent has had one trial in the county court by a jury of six, one of whom was a physician, and the finding was against him. Not being satisfied, he submits his cause to another tribunal,—the circuit court,—where the practice is to try causes by a jury of twelve persons. (See chap. 78.) When an appeal is taken to the circuit court from a minor jurisdiction the cause is tried by the usual practice of the circuit court, and not according to that of the inferior tribunal. Upon what theory does the plaintiff in error insist that the usual practice of the circuit court with reference to the jury shall be altered in cases of this character? Section 7, *supra,* does not purport to be in anywise a qualification of chapter 78 in this regard. If plaintiff in error could in this case urge that a proceed-

ing upon appeal should be exactly as in the lower court, a party could with the same consistency insist that upon appeal from a justice of the peace (where cases are heard without written instructions to the jury) to a court of record the cause shall be again submitted to the jury without written instructions. While a trial in the circuit court is a trial *de novo*, yet it is one according to the practice and procedure of that court. The Appellate and circuit courts were fully justified in their holding upon this point.

Plaintiff in error next contends that certain witnesses examined on behalf of the defendant in error were non-experts, and under the law were not entitled to express their opinions as to the ability of plaintiff in error to transact his ordinary business, for the reason that they did not first testify to facts from which the court could determine that they were qualified to express such opinion. We have carefully examined the evidence pointed out by counsel and do not think it subject to this criticism. The witnesses were well acquainted with plaintiff in error and their opinions appeared to be founded upon facts as to his condition, and it was proper that they should be allowed to state those opinions, the weight to be given them being a question for the jury.

Objection is also made to the giving and refusing of instructions, but the argument of counsel in this regard consists merely of a general criticism, and no authorities are cited in support of their contention. The instructions to the jury appear to be a fair statement of the law, and we find no error in this record in that regard.

The judgment of the Appellate Court will be affirmed.

*Judgment affirmed.*