## Margie A. Laird et al., Appellants, v. Sarah L. Dickirson, Appellee.

1. APPEALS AND ERRORS—*requirements of transcript.* The transcript presented and filed on review must be sufficiently full so as to show the action or actions of the court with respect to which assignments of error have been made.

2. PUBLICATION—*when service insufficient.* If there is a variance between the petition and the affidavit for publication, the former proceeding upon the theory of residence and the latter upon that of non-residence in the state, service by publication is insufficient.

Petition for appointment of conservator. Appeal from the Circuit Court of Lawrence county; the Hon. JACOB R. CREIGHTON, Judge, presiding. Heard in this court at the August term, 1908. Affirmed. Opinion filed March 4, 1909.

P. G. BRADBURY, J. P. HAUGHTON and GEORGE W. LACKEY, for appellants.

GEE & BARNES and J. E. McGAUGHEY, for appellee.

MR. JUSTICE HIGBEE delivered the opinion of the court.

On May 28, 1907, appellants filed their petition in the County Court of Lawrence county, alleging that appellee, their sister, was a resident of said county; that she was a distracted and feeble minded person incapable of managing and caring for her property; that she had real estate in said county worth $19,000 and her personal property was worth $1,000 and asking that Jonathan Litherland, or some other fit person, be appointed her conservator. A summons was issued and returned not served. An affidavit was also filed by one of the attorneys for petitioners, stating that appellee had gone out of the state so that process could not be served upon her and that she was then at Bernie, Missouri. Publication was thereupon made and a copy thereof sent to appellee by the clerk of the court according to practice in chancery cases.

Upon the cause being called, appellee entered a limited appearance and moved to dismiss the same for want of service. The court overruled the motion and there was a hearing before a jury, resulting in a verdict in favor of appellee and judgment was thereupon entered against the appellants for costs.

Appeal was taken to the Circuit Court where appellee again entered a limited appearance and the proceedings there taken resulted in the following order:

"And now on this 5th day of the term, the same being the eighth day of May, 1908, comes Gee & Barnes and J. E. McGaughey, attorneys for defendants and entered special appearance of defendant, Sarah L. Dickirson, for the purpose of pleading to the jurisdiction of the court, which said plea is placed on file and is before the court, and the plaintiffs by their counsel, George W. Lackey, P. C. Bradbury and J. P. Haughton, file demurrer to said plea, which demurrer is overruled by the court, to which ruling, the plaintiffs, by their aforesaid counsel, then and there excepted and elected to stand by their demurrer. The court thereupon gave judgment in favor of the said defendant, Sarah L. Dickirson and against the said plaintiffs, Margie Laird and Clara Litherland, upon said plea, and further ordered that the said plaintiffs pay the costs of this suit, and execution awarded to issue in default thereof."

Appellants assign as error in this court, that the court below erred in entering special appearance of appellee for the purpose of pleading to the jurisdiction of the court, in overruling the demurrer to the plea to the jurisdiction and in giving judgment in favor of appellee upon the plea. Neither the plea nor the demurrer referred to in the order of the Circuit Court as having been filed in said court, is contained in the record of the proceedings filed in this court, and we are therefore unable to determine what the real question passed upon by the court below was.

"In removing a cause to an Appellate Court for review, it is not necessary that the transcript of the

record should contain everything which is of record in the trial court, but it must be complete for the determination of the errors assigned and be sufficient to fully and fairly present the questions involved." Thomas v. O'Brien Lumber Co., 185 Ill. 374.

As the record in this case does not show the questions actually involved, there is nothing for this court to pass upon and the judgment of the court below must necessarily be affirmed.

We deem it not improper to say however, that waiving the question whether notice by publication could be properly given in such a case as this, the petition which was sworn to stated that appellee resided in Lawrence county, Illinois, and the affidavit for publication stated that she had gone out of the state so that process could not be served upon her, while the notice published by the clerk of the court stated that she was a non-resident. The petition and affidavit therefore proceeded on the theory that appellee was a resident of this State but had gone out of the State so that process could not be served upon her, while the notice of the clerk proceeded upon the theory that she was a non-resident.

We are of opinion therefore that the publication notice would in any event have been insufficient to give jurisdiction to the County Court, because of the variance between the affidavit and said notice in the manner above indicated.

The judgment of the court below will be affirmed.

*Affirmed.*