# CASES

## SECOND DISTRICT

OF THE

# APPELLATE COURTS OF ILLINOIS

### DURING THE YEAR 1909.

---

Catherine E. Joost, Petitioner, Appellee, v. Anna M. Racher, by her next friend, John M. Racher, Defendant, Appellant.

### Gen. No. 5,132.

1. CONSERVATORS—*who may file petition for appointment.* A proceeding for the appointment of a conservator is in the nature of a proceeding by the people for the purpose of protecting the estate of the alleged distracted person, but any one interested in the protection of such estate may, in the discretion of the court, be permitted to appear in the prosecution of such proceeding.

2. CONSERVATORS—*presence of respondent at hearing for appointment not necessary.* In a proceeding for the appointment of a conservator for an alleged insane person, it is not necessary to the jurisdiction of the court that such person should be present at the hearing.

3. PRINCIPAL AND AGENT—*what revokes power of attorney.* The adjudication of the principal as insane operates to revoke a power of attorney.

4. APPEALS AND ERRORS—*who may execute bond in appeal from adjudication of insanity.* The person who has been adjudged insane may execute an appeal bond which will operate to suspend the judgment.

5. LUNATICS—*acts pertaining to construed.* An act entitled "An Act to revise the law in relation to the commitment and detention of lunatics" as amended, and an act entitled "An act to revise the law in relation to idiots, lunatics, drunkards and spendthrifts" as amended, are each independent of the other.

Petition for appointment of conservator. Appeal from the Circuit

.(548)

Court of Livingston county; the Hon. G. W. PATTON, Judge, presiding. Heard in this court at the October term, 1908. Appeal dismissed. Opinion filed March 24, 1909.

C. C. STRAWN, for appellant.

C. J. AHERN and A. C. NORTON, for appellee.

MR. PRESIDING JUSTICE THOMPSON delivered the opinion of the court.

This is an appeal from the Circuit Court of Livingston county. From the record in this case it appears that on the 14th day of November, 1907, Catherine E. Joost filed in the County Court of Livingston county a petition signed and sworn to by her, representing that Anna M. Racher is a resident of said county; that petitioner believes that said Anna M. Racher is a distracted person and by reason of said distraction is unable to manage her estate; that she is possessed of real and personal estate, the safe keeping of which requires the appointment of a conservator, and praying that a writ be issued for said Racher and a venire for a jury, etc.

On the same day a summons was issued to the sheriff of said county commanding him to summon Anna M. Racher to appear before the County Court of said county on the 16th day of November, 1907, then and there to show cause, if any she can, why the court should not appoint a conservator to manage and control her property, according to the petition of Catherine E. Joost. The summons was served on Anna M. Racher on the 15th day of November. On the 16th day of November the matter was tried in the County Court before a jury. The jury returned a verdict finding Anna M. Racher distracted and incapable of caring for her estate, that a conservator should be appointed, and that said Anna M. Racher was not in person actually present during said inquisition but that she had been duly served with summons. Frank L. Smith was thereupon appointed conservator. He gave bond to faithfully dis-

charge the duties of such office and letters of conservatorship were issued to him, November 16, 1907.

On the 5th day of March, 1908, Anna M. Racher by her next friend, John Racher, filed a petition and motion in the County Court to vacate the proceedings appointing Frank L. Smith her conservator, alleging various reasons as cause therefor, amongst others that Anna M. Racher was not in person present during the inquisition, but had only been served with summons. The County Court overruled the motion. John Racher prayed and perfected an appeal to the Circuit Court from the order of the County Court overruling the motion to vacate the orders of the November term in the conservatorship matter. In the Circuit Court, the judgment of the County Court refusing to vacate the orders in the conservatorship matter was confirmed, and Anna M. Racher prayed an appeal to this court. The case comes to this court entitled Catherine E. Joost, petitioner, appellee, v. Anna M. Racher, by her next friend, John M. Racher, defendant, appellant.

A motion has been made in this court by Catherine E. Joost to dismiss the appeal on the grounds, (1) that she is not a proper party and (2) that the bond is under seal and purports to be signed by "Anna M. Racher by John M. Racher her attorney in fact" without any power of attorney being in existence to authorize such execution of the bond. The fact that the trial courts have recognized Catherine E. Joost, who appears as a party in the title of all the pleadings and appears to insist that Anna M. Racher is distracted, is immaterial. This action is in the nature of a proceeding by the people for the sole purpose of protecting the estate of Anna M. Racher, and while Catherine E. Joost filed the original petition under the statute, she is not a necessary party and it is a matter of her own volition whether she appears or not. If she is interested in any way in the protection of the estate of Anna M. Racher, there is no good reason why she

should not appear *amicus curiae* if she sees fit, and upon application it is discretionary to permit her upon a proper showing to appear if she desires to at her own costs. Upon the other reason assigned for dismissing the appeal, there is nothing before this court showing that a proper power of attorney is not on file in the office of the circuit clerk as required by Rule 3 of this court. If Anna M. Racher has been legally adjudged distracted then any power of attorney she may have executed authorizing John M. Racher to act as her attorney in fact is revoked. Such adjudication operates *per se* as a revocation or suspension of such authority. 1 Am. & Eng. Ency. of Law, 1226, 2nd Ed. Anna M. Racher would be competent to execute an appeal bond from the original judgment adjudging her distracted, if the appeal was perfected in due time, for the reason that the appeal suspends the judgment. After the time for perfecting the appeal had expired, if the court had jurisdiction over her, then no authority she could give would legally authorize any person to act as her agent or attorney in fact. The motion to dismiss the appeal because of the bond being executed without authority, if it be insisted the authority is revoked by her distraction, therefore depends upon whether the distraction of Anna M. Racher had been properly established by the inquisition it is sought to set aside and such adjudication has not been suspended in some way.

It is insisted by appellant that the County Court, on November 16, 1907, had no jurisdiction over Anna M. Racher because she was not personally present in court, when she was tried by the jury and found distracted, and that therefore the judgment of the court appointing a conservator is void. This is the only question presented by appellant, and involves the consideration of chapters 85 and 86 of the statutes of this state as adopted in 1874 and amendments made thereto. In the 1874 revision of the statutes of Illinois, chapter 85 is an act entitled "An act to revise the

law in relation to the commitment and detention of lunatics." This act was approved March 21, 1874. The provisions of this chapter have reference solely to the detention and commitment of lunatics, and it contains no provision concerning the appointment of conservators of their estates. Chapter 86 of the Revised Statutes of 1874 is "An act to revise the law in relation to idiots, lunatics, drunkards and spendthrifts," approved March 26, 1874, and is a chapter devoted solely to the appointment of conservators and the care of the estates of such persons.

Each chapter is independent of the other and contains provisions directing what shall be the practice of courts in proceedings under each respective chapter; each has no reference to or connection with the other. When the commitment and detention of lunatics is involved, under chapter 85, the court has no jurisdiction, unless the person alleged to be distracted appears or is brought before the court in person.

When only the care and management of the estate of the lunatic, idiot, drunkard or spendthrift is involved, the appearance of the person before the court under the act of 1874 was not necessary, but only the service of summons as in chancery upon the person of the alleged distracted. Under the act of 1874, as originally passed, the alleged distracted must be served with summons ten days, and ten days' notice of the application had also to be given by publication in some newspaper in the county, before the hearing. In 1887, the act concerning the commitment and detention of lunatics was revised, and the entire act was again revised in 1893. In 1895 sections 1 and 2 of the act of March 26, 1874, being chapter 86 of the act in relation to the appointment of conservators (Session Laws 1895, p. 243) were amended whereby it was provided that the practice under this chapter should be as near as may be in conformity with the proceedings under chapter 85—the act in relation to the commitment and detention of lunatics approved June 21, 1893.

It is upon this amendment that appellant bases the contention that the adjudication of distraction is void for the reason that in all proceedings under chapter 85 regarding the commitment and detention of lunatics, the person of the distracted must be in court at the trial.

In 1903 sections 1, 2 and 3 of the act of March 26, 1874, chapter 86, the act in relation to the appointment of conservators, and all amendments thereto, which includes the amendment of 1895, that appellant relies upon, were again revised, whereby the practice was again changed, and the two chapters were again entirely separated from each other. Session Laws of 1903, p. 247. Under the act for the appointment of conservators as amended in 1903, the person of the distracted is not required to be brought before the court, but all that is now required is the service of a summons on the alleged distracted as in chancery. This act revising sections 1 and 2 of the act concerning the appointment of conservators was a repeal of sections 1 and 2 of the act of 1895, as it amends those particular sections. The legislature also in 1903 added a provision to the detention act whereby a conservator might be appointed on the same verdict upon which a commitment or detention was had. This in no way conflicts with the amendments to the act concerning the appointment of conservators where detention is not also sought. The act of 1903, specifically revising sections 1 and 2 of the act of 1895, is complete in itself and was a substitute for and a repeal of sections 1 and 2 of the amendment of 1895 which required the practice concerning the appointment of conservators to be in conformity with the practice under chapter 85 regarding commitment and detention. Culver v. Nat. Bank, 64 Ill. 534; Andrews v. People, 75 Ill. 605; Devine v. Commissioners, 84 Ill. 595; People v. Board of Ed., 166 Ill. 388; People v. Town of Thornton, 186 Ill. 162.

We are clearly of the opinion that under the statute as it now stands where the sole question is the appoint-

ment of a conservator, it is not necessary that the person of the distracted person should be present during the inquisition; and that all that is necessary for the court to obtain jurisdiction over the person and property of the alleged distracted is that "the court shall set the cause for hearing, summons shall be issued returnable on any day of the term, and service shall be had upon the person for whom a conservator is sought to be appointed, in the same manner by summons or otherwise as service is had in chancery." Session Laws, 1903, p. 247, sec. 2. Service of summons alone gave the court jurisdiction to appoint a conservator over the estate of Anna M. Racher. There was no error in overruling the motion to vacate the judgment appointing the conservator and confirming the judgment of the County Court. No appeal was prayed from the order adjudging Anna M. Racher distracted within the time required by the statute. Anna M. Racher being distracted when John M. Racher signed the name of Anna M. Racher to the bond for the appeal in this case he had no authority to sign her name and the appeal is therefore dismissed.

*Appeal dismissed.*