## The People, ex rel. Charles Payne, Plaintiff in Error, v. Selden M. Payne, Defendant in Error.

1. INSTRUCTIONS—*what considered upon motion for peremptory.* Upon motion to direct a verdict evidence cannot be weighed but the evidence in favor of the party against whom the motion is directed must be considered in its most favorable light to him together with all inferences in his favor which can be legitimately drawn therefrom.

2. CONSERVATORS—*what evidence competent in proceeding for appointment.* In an action for the appointment of a conservator upon the ground of the incapacity of the respondent to care for his estate, evidence as to the disposition of certain money which came into his hands is competent, and if excluded offers ground for reversal.

3. EVIDENCE—*when opinion evidence as to mental capacity properly excluded.* Whether a non-expert witness has sufficient knowledge of another to express an opinion as to his mental capacity at a certain particular time or period, is to be determined by the court. *Held,* in this case, that there was no abuse of discretion by the trial judge in refusing to permit the opinion evidence offered.

Petition for conservator. Error to the Circuit Court of McLean county; the Hon. COLOSTIN D. MYERS, Judge, presiding. Heard in this court at the November term, 1910. Reversed and remanded. Opinion filed June 1, 1911.

W. W. WHITMORE and WILLIAM R. BACH, for plaintiff in error.

STONE, OGLEVEE & FRANKLIN, for defendant in error.

MR. PRESIDING JUSTICE PUTERBAUGH delivered the opinion of the court.

The relator, Charles Payne, filed a petition in the County Court asking for the appointment of a conservator for his father, Selden M. Payne. A trial by jury resulted in a verdict finding that the respondent was feeble minded and by reason thereof incapable of managing and caring for his estate. Upon an appeal to the Circuit Court, the cause was again tried by jury, and at the close of the relator's evidence the trial judge, upon motion of the respondent, directed a verdict in his favor. Judgment was entered in accordance with such verdict and against the relator for costs. He thereupon sued out this writ of error.

Upon motion to direct a verdict evidence cannot be weighed, but the evidence in favor of the party against whom the motion is directed must be considered in its most favorable light to him, together with all inferences in his favor which can be legitimately drawn therefrom. O'Leary v. Ry. Co., 235 Ill. 187; Waschow v. Coal Co., 245 Ill. 516. We therefore shall not weigh the evidence to determine whether or not a contrary verdict would have been justified upon the entire evidence, as would have been our duty had the jury re-

turned such a verdict of their own motion. We are of opinion, however, that the evidence offered by the relator, together with the reasonable inferences therefrom, was sufficient to require the submission of the issue to the jury.

We are also of opinion that the trial court unduly limited the examination of the respondent as to what disposition he had made of certain money which came into his hands. Such evidence was clearly competent as tending to show his ability to care for his estate. The court did not err in refusing to permit certain non-expert witnesses to give their opinions, based upon facts stated, as to the ability of the respondent to transact ordinary business. While such evidence is ordinarily competent (Neely v. Shephard, 190 Ill. 637), the opinions of the witnesses in question would have been based upon facts too remote from the time of the inquiry. Whether a non-expert witness has sufficient knowledge of another to express an opinion as to his mental capacity at a certain particular time or period, is to be determined by the court (Graham v. Deuterman, 244 Ill. 124), and there was no abuse of discretion in the present instance. We think the court erred in assessing the costs against the petitioner. We find no statutory authority for so doing.

For the errors indicated the judgment will be reversed and the cause remanded.

*Reversed and remanded.*