JOHN M. LANSDEN, Township Treasurer, Appellant, *vs.*
THE ALEXANDER COUNTY NATIONAL BANK, Appellee.

*Opinion filed February 20, 1913.*

SCHOOLS—*directors may issue interest-bearing anticipation war-
rants notwithstanding section 117 of the School law of 1909.* The
power of school directors to issue interest-bearing tax-anticipation
warrants under the Warrants act of 1901 was not taken away by
section 117 of the School law as revised in 1909, even though such
section also authorizes them to issue tax-anticipation warrants but
makes no provision as to interest, as said section is substantially a
re-enactment of section 29 of article 5 of the School law of 1889,
which was in existence when the Warrants act of 1901 came into
force, and is therefore not to be regarded as a new enactment.

APPEAL from the Appellate Court for the Fourth Dis-
trict;—heard in that court on appeal from the Circuit Court
of Alexander county; the Hon. W. N. BUTLER, Judge,
presiding.

JOHN M. LANSDEN, for appellant.

DAVID S. LANSDEN, for appellee.

Mr. JUSTICE FARMER delivered the opinion of the court:

The Appellate Court for the Fourth District reversed a
judgment of the circuit court of Alexander county in an
action brought by appellant, as township treasurer of town-
ship 17, range 1, west, in Alexander county, against appel-
lee, the Alexander County National Bank. The case was
submitted to the trial court under an agreed statement of
facts, in accordance with the provisions of section 103 of
the Practice act. The substance of the stipulation is cor-
rectly stated by the Appellate Court in the following lan-
guage: "The facts submitted, in substance, show that the
appellee is the treasurer of township 17, range 1, west, in
Alexander county; that it has been customary for appel-
lant to cash school orders drawn by the board of education,
and that in 1910 the board of education had no means to

meet and defray the ordinary and necessary expenses of the school district, and drew anticipation warrants bearing five per cent interest and cashed them at par at said bank and provided a fund to meet its expenses, and that interest to the amount of $731.51 had been paid upon these several warrants that had been issued. Appellee now claims that under the revised School law, as enacted in the year 1909, no authority was given to issue interest-bearing warrants, and he thereupon demanded that the bank refund the $731.51 paid to it as interest upon these warrants, and the bank having refused so to do, the case was submitted to the court for its determination, which resulted in a judgment for plaintiff for the full amount of the interest claimed."

The sole question presented by the record is whether school directors are authorized to issue interest-bearing anticipation warrants. The determination of that question involves a consideration and construction of section 117 of the "act to establish and maintain a system of free schools," approved June 12, 1909, (Laws of 1909, p. 343,) and an act of 1901 authorizing the issuance by municipal corporations of anticipation warrants to the extent of seventy-five per cent of the tax levy when there is not sufficient money in the treasury of the municipality to defray the ordinary and necessary expenses. The act of 1901 is a complete act and now constitutes chapter 146a of Hurd's Statutes of 1911.

The first act of the legislature authorizing a municipal corporation to issue anticipation warrants was adopted in 1879, and authorized county, township, city, school district or other municipal corporations to issue such warrants, but the act contained no authority to make them interest-bearing. Section 29 of article 5 of the act of 1889, entitled "An act to establish and maintain a system of free schools," is substantially a copy of section 2 of the Warrants act of 1879, except that it names only school districts as authorized

to issue anticipation warrants. That authority already existed under section 2 of the Warrants act of 1879. Said section 29, like the Warrants act, did not authorize school districts to issue interest-bearing warrants in anticipation of the tax. In 1895 the legislature passed an independent act, which provided that anticipation warrants lawfully drawn by "any city, village or town" should, unless paid within thirty days after their issuance, bear interest, payable out of the tax levy against which they were drawn, at the rate of five percentum per annum from their dates until paid, or until notice was given, by publication in a newspaper or otherwise, to their holders that the money for their payment was available and that the warrants would be paid upon presentation. (Laws of 1895, p. 106.) This act did not include warrants drawn by the directors of school districts. In 1901 the legislature passed an act amending the act of 1879 and repealing the act of 1895. (Laws of 1901, p. 321.) The act as amended in 1901 has continued in force to the present time. Sections 2 and 3 of that act are as follows:

"Sec. 2. That whenever there is not sufficient money in the treasury of any county, city, town, village, school district or other municipal corporation to meet and defray the ordinary and necessary expenses thereof, it shall be lawful for the proper authorities thereof to provide a fund to meet said expenses by issuing and disposing of warrants drawn against and in anticipation of any taxes already levied by said authorities for the payment of the ordinary and necessary expenses of such county, city, town, village, school district or other municipal corporation, to the extent of seventy-five percentum of the total amount of any such tax levied: *Provided,* that warrants drawn and issued under the provisions of this section shall show upon their face that they are payable solely from said taxes when collected and not otherwise, and shall be received by any collector of taxes in payment of the taxes against which they are

issued, and which taxes against which said warrants are drawn shall be set apart and held for their payment.

"Sec. 3. Every warrant issued under this act shall, unless paid within thirty days after its issuance, bear interest, payable only out of the taxes against which it shall be drawn, at the rate of five per cent per annum from the date of its issuance until paid, or until notice shall be given by publication in a newspaper or otherwise that the money for its payment is available, and that it will be paid on presentation unless a lower rate of interest shall be specified therein, in which case the interest shall be computed and paid at such lower rate. All jurors' certificates shall hereafter be issued in conformity with the provisions of this act."

The act of 1895, which limited authority to cities, villages and towns to issue interest-bearing warrants, was expressly repealed by the act of 1901. The act of 1901 without doubt authorized school directors to issue interest-bearing anticipation warrants, and that authority still exists unless it was taken away by section 117 of the act of 1909, to establish and maintain a system of free schools. That act, while not purporting to be amendatory of any previous act, is a general revision of the school laws of the State and superseded the act upon that subject of 1889. Section 117 of the act of 1909 is a re-enactment of section 29 of article 5 of the act of 1889 in relation to schools. It differs slightly in phraseology from section 29, but is in substantially the same language as that section and in sense and meaning is precisely the same. Section 117 is as follows:

"Sec. 117. When there is no money in the treasury to defray the ordinary and necessary expenses of the district, the directors may issue warrants against and in anticipation of any taxes levied for the payment of the ordinary and necessary expenses of the district, to the extent of seventy-five per cent of the total amount of the tax levied.

Such warrants shall show upon their face that they are payable solely from the taxes when collected, and shall be received by any collector of taxes in payment of the taxes against which they are issued. And such taxes shall be set apart and held for their payment."

It is not contended that there is any conflict between the act of 1901 and section 117 of the act of 1909. Authority to school directors to issue anticipation warrants is conferred by both acts. Appellant's position is that the School act of 1909 constitutes a complete system relating to public schools, and only such powers can be exercised by the board of directors as are conferred by that act. Reliance is placed upon the rule announced by this and other courts, that where a new statute is framed by the legislature upon a certain subject matter and the intention of the legislative body appears to have been to adopt a new scheme in relation to such subject matter, the new statute shall prevail and whatever is excluded is discarded. (*People* v. *Town of Thornton,* 186 Ill. 162; *State Board of Health* v. *Ross,* 191 id. 87.) We do not think this rule controlling in this case. Section 117 of the present School act was a re-enactment of section 29 of article 5 of the School act of 1889. It is not disputed that since the adoption of the act of 1901, authorizing school districts to issue interest-bearing anticipation warrants, that authority has existed notwithstanding section 29 of article 5 of the School law of 1889, and unless it was taken away by section 117 of the act of 1909 it still exists. Re-enacting said section 29 in the act of 1909 does not indicate any intention of the legislature to take from boards of school directors a power that had existed and been exercised for eight years, during all of which time the same provision of section 117 had been in force as a part of the School act of 1889. This was known to the legislature, and it seems reasonable that if it had been intended to except school districts from municipal corporations authorized to issue

interest-bearing warrants it would have been so stated in section 117 or in some part of the act relating to that subject.

The policy of the State, as expressed in the Warrants act of 1901, was to give the same authority to school districts as to other municipal corporations in the issuance of interest-bearing anticipation warrants, and the act of 1909 gives no evidence of any intention on the part of the legislature to limit its policy in this respect to municipal corporations other than school districts. The re-enactment of section 29 of the act of 1889 as section 117 of the act of 1909 was a continuation of the old act and was not a new provision. "The provisions of any statute, so far as they are the same as those of any prior statute, shall be construed as a continuation of such prior provisions, and not as a new enactment." (Hurd's Stat. 1911, chap. 131, sec. 2.) While there is no conflict between section 117 and the Warrants act there is a marked distinction in the purposes of the two statutes. Under section 117 the school directors could issue warrants to persons to whom they had incurred liabilities, and the person to whom the warrants were issued could either hold them until the taxes against which they were issued were collected or discount them for cash. The inconvenience of that method of doing business was recognized by the legislature and attempted to be remedied in the Warrants act. That act authorized municipal corporations, including school districts, "to provide a fund to meet said expenses by issuing and disposing of warrants drawn against and in anticipation of any taxes already levied," and all warrants lawfully issued under the act would draw interest at five per cent per annum from date, unless paid within thirty days after their issuance. We find no warrant under the act of 1909 for denying the benefit of this power and privilege to school districts while it is exercised and enjoyed by all other municipal corporations.

The judgment of the Appellate Court is affirmed.

*Judgment affirmed.*