# In the Matter of the Application for a Conservator for Jo H. Willits Dunning, Appellant.

## Gen. No. 6,572.

1. Costs, § 85*—*when motion to retax on appeal may be decided.* A motion to retax costs in the Appellate Court may be decided at a subsequent term.

2. Costs, § 61*—*vacating of judgment on motion to retax.* Under sections 26 and 27 of the Costs Act (J. & A. ¶¶ 2740, 2741), the court is authorized to vacate the entire judgment for costs on motion to retax.

3. Costs—*who not liable for on appeal.* The costs of appeal cannot be taxed against the applicant in a proceeding for appointment of a conservator, under chapter 86, Rev. St. (J. & A. ¶ 7285 *et seq.*), which contains no provisions for costs.

4. Insane persons, § 16*—*repeal of provision of statute relating to proceedings for appointment of conservator.* The provision in section 1, ch. 86, as amended in 1895 (J. & A. ¶ 7825), to the effect that proceedings for the appointment of a conservator should conform to chapter 85, was repealed by amendment in 1903 entirely omitting such provision.

5. Courts, § 152*—*when affirmance of judgment for costs not authority in later case.* The affirming of a judgment for costs by the Supreme Court without argument or brief questioning the right to tax such costs is not authority upon that question in later cases.

6. Costs, § 64*—*power of courts to render judgment for.* In the absence of statutory authority, the courts have no power to enter judgment for costs.

7. Costs—*liability of applicant for conservatorship.* Section 8 of the Costs Act (J. & A. ¶ 2722), authorizing the defendant to recover costs against the plaintiff, does not cover the case of an alleged feeble-minded person, prevailing over an applicant for a conservator.

Appeal from the Circuit Court of Mercer county; the Hon. WILLIAM T. CHURCH, Judge, presiding. Heard in this court at the April term, 1918. Judgment for costs vacated. Opinion filed April 4, 1919.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

ROBERT L. WATSON, HOMER D. DINES and CHARLES J. SCOFIELD, for appellant.

A. K. HARDY and JOHN M. WILSON, for appellee.

MR. PRESIDING JUSTICE DIBELL delivered the opinion of the court.

A. B. Childs, a brother of Mrs. Jo H. Willits Dunning, filed an application in the County Court of Mercer county for the appointment of a conservator for the estate of Mrs. Dunning on the ground that she was feeble-minded and incapable of caring for her estate, valued at $50,000. A conservator was appointed in the County Court and that action was confirmed on the trial of an appeal in the Circuit Court. Mrs. Dunning appealed to this court, and on July 25, 1918, in vacation, we reversed the judgment and remanded the cause. Our opinion appears in 211 Ill. App. 633. We entered a judgment against Childs for the costs. At the October term, 1918, Childs entered a motion to retax the costs. That motion was resisted. The costs of this court are very heavy, owing to the voluminous record from the court below, and the questions of law involved seemed doubtful, and we therefore took the motion under advisement.

When suggestions in support of the motion were filed, it was found that Childs did not seek the mere correction of some item of costs, but asked to have the entire judgment for costs vacated on the ground that he is not liable for any of the costs of this appeal. Appellant thereupon contends that this is not in fact a motion to retax costs, but is an application for a rehearing, and as the time within which a rehearing could be applied for has long since passed, the motion should be denied, regardless of its merits. There would be much force in this position were it not for sections 26 and 27 of the Costs Act (J. & A. ¶¶ 2740, 2741). Section 26 provides, among other things, that if on a motion by any party to retax costs, the court

should find any charge allowed for which the person charged is not liable, the court shall correct the taxation. Section 27 provides that if the court finds that any item in any fee bill is not authorized by law, the court shall quash the fee bill, and correct the taxation. Of course, under a motion to retax costs, the same power and duty would rest on the court if each item charged was one for which the party charged was not liable. Therefore, the taxation of these costs against Childs can be corrected on a motion to retax costs, if he is not liable therefor. We think it settled that such taxation can be corrected at a subsequent term. 15 C. J. 188; *Chicago City Ry. Co. v. Burke,* 102 Ill. App. 661; *Tanton v. Keller,* 78 Ill. App. 31.

Is Childs liable to Mrs. Dunning for the costs which she made in successfully prosecuting her appeal to this court? The proceeding is under chapter 86 of the Revised Statutes (J. & A. ¶ 7285 *et seq.*). Section 1 (J. & A. ¶ 7285) provides, among other things, that when any person having any estate shall be or be supposed to be incapable of caring for his estate by reason of a feeble or unsound mind, the County Court of the county where such person resides shall, on the application of any reputable citizen of said county, proceed to ascertain whether such person by reason of such unsoundness of mind is incapable of caring for his own estate. Later sections provide the manner of trial and require the appointment of a conservator if the person named is found incapable of caring for his estate by reason of unsoundness of mind, and provide for the conduct of the estate by the conservator. That chapter, as it now stands, contains no provision for the payment of the costs of the inquiry, if it be determined that the person named is not feeble-minded or incapable of caring for his estate. Chapter 85 of the Revised Statutes (J. & A. ¶ 7246 *et seq.*) is in many respects similar to chapter 86 in its procedure. It provides for the method of determining whether a person is insane and for committing and detaining a

person adjudged to be insane. It defines the word "insane" so as to make it similar to the unsoundness of mind which makes a person incapable of caring for his own estate in chapter 86. Chapter 85 also provides for a conservator. Section 29 of said chapter 85 (J. & A. ¶ 7274) provides that if the person alleged to be insane is found to be insane, the court in its discretion may require the person to pay the costs who filed the preliminary statement that said person was insane, and may enter judgment against him for such costs. On July 1, 1895, an act came in force (Laws of 1895, p. 243) which amended sections 1 and 2 of said chapter 86, and said amended section 1 provided, among other things, that the proceedings under said act should conform as near as may be to the provisions of chapter 85. While said amended section 1 of chapter 86 was in force, it may well be that the provisions of section 29 of chapter 85 as to costs were applicable to proceedings under chapter 86, and that the court could, in its discretion, adjudge the costs against the person initiating the proceeding if the petition was defeated. But on July 1, 1903, an act came in force (Laws of 1903, page 247, J. & A. ¶ 7285 *et seq.*) which amended sections 1, 2 and 3 of said chapter 86 to read as therein stated. It entirely omitted the provision that the proceedings under chapter 86 would be the same as under chapter 85. That Act of 1903 contained no words expressly repealing said section 1 of the Act of 1895. In *Joost v. Racher,* 148 Ill. App. 548, we held that nevertheless section 1 of the Act of 1895 was repealed by implication by the Act of 1903 upon authorities there cited. We adhere to that conclusion for the reasons there stated, and cite also the following later authorities, viz.: *People ex rel. Higgins v. Freeman,* 242 Ill. 152; *Lansden v. Alexander County Nat. Bank,* 257 Ill. 309; *Hillview Drainage & Levee Dist. v. Dowdall,* 276 Ill. 33; and *State Public Utilities Commission v. Cleveland, C., C. & St. L. Ry. Co.,* 283 Ill. 374. We are

therefore of the opinion that there is now no provision in chapter 86 for the payment of the costs of the proceeding for the appointment of a conservator under that chapter, if the application for a conservator fails. *People v. Payne,* 161 Ill. App. 640. We are not unmindful that in *Laird v. Dickirson,* 241 Ill. 380, a proceeding of the same nature where the Circuit Court adjudged the costs against the persons who had filed their petition in the County Court to have Mrs. Dickirson adjudged feeble-minded and incapable of caring for her estate, the Supreme Court pointed out that this proceeding was under chapter 86, and that there was a judgment for costs against said applicants, and still affirmed the judgment for want of a sufficient abstract. This might be supposed to mean that such a judgment for costs could be lawfully entered against such an applicant, and that the correctness of the judgment would depend upon the matters appearing in the record. We have, however, examined the report of the said case in the Appellate Court (147 Ill. App. 324) and also the briefs and abstract filed in the Supreme Court, and find that the Circuit Court determined that jurisdiction of the supposed feeble-minded person had never been obtained, and that that question of jurisdiction was the only one argued in either the Appellate or the Supreme Court, and that it was not contended in the briefs filed in the Supreme Court that there was any lack of power to enter such a judgment for costs, and that appellants in the Supreme Court quoted in their brief section 1 of chapter 86, as amended in 1895, which authorized the court to proceed in conformity with the provisions of chapter 85. The court, therefore, in the *Dickirson* case, *supra,* was not passing on any question of costs, and it was not intended to be an authority on that subject.

It is the settled law of this State that costs are the creation of the statute, and that, if there is no statute for the recovery of costs, a court cannot enter a judgment therefor. We are of opinion that this case does

not come within section 8 of the Costs Act (J. & A. ¶ 2722), authorizing a defendant to recover costs against a plaintiff. We know of no other statute applicable to this case. The record justifies the conclusion that Childs brought and prosecuted this proceeding against his sister to further his own private interests, and hired the lawyers who acted against Mrs. Dunning, and that the public, or the State's Attorney, took no part in the proceedings. Appellant contends that under these circumstances it is equitable that Childs should pay these costs, made by Mrs. Dunning in this successful appeal. Those considerations should have great weight with the legislature, but there is no statute authorizing a court to enter a judgment for costs merely because such a judgment would be equitable. This is not a suit in equity, but is a special statutory proceeding. The motion is therefore granted and the judgment for costs is vacated.

*Judgment for costs vacated.*