Town of Pleasant Hill and Town of Spring Creek, Appellees, v. Jane Stark et al., Appellants.

1. ROADS AND BRIDGES, § 39*—*when filing of certificate by commissioners essential.* The filing of a certificate with a justice of the peace by the commissioners of highways consequent upon the failure to release or agree upon damages upon a vacation of lands for a road, as required by Hurd's Rev. St. 1917, ch. 121, sec. 82 [Call. 1916 Stat. ¶ 10000(82)], is jurisdictional, as in no other way can such justice obtain jurisdiction to assess damages to owners for the vacation of such lands.

2. ROADS AND BRIDGES, § 53*—*when commissioners of two townships must sign certificate.* Under Hurd's Rev. St. 1917, ch. 121, sec. 99 [Call. 1916 Stat. ¶ 10000(99)], relating to the vacation of lands for roads, the road commissioners of two townships must act together as to a road between townships, and as to roads wholly within one town the commissioner of that town only can act; and therefore a certificate for the laying out of four roads, two to be established and two to be vacated, one of which was located along the township line and the other three wholly within one of the townships, was fatally defective, which was signed by four persons designated "Commissioners of Highways," but without identifying which of the townships any of such persons represented.

3. ROADS AND BRIDGES, § 71*—*when surveyor's plat inadmissible.* The admission, upon the assessment of damages for the vacation

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

of land for a road, of a surveyor's plat prepared in attempted compliance with Hurd's Rev. St. 1917, ch. 121, sec. 78 [Call. 1916 Stat. ¶ 10000(78)], was error, where the proof tended to show that the distances shown thereon were placed there from the recollection of the chain carriers and not from the 'memoranda taken at the time of the survey.

4. ROADS AND BRIDGES, § 71*—*when surveyor's plat inadmissible.* The admission, upon the assessment of damages for the vacation of land for a road, of a surveyor's plat prepared in attempted compliance with Hurd's Rev. St. 1917, ch. 121, sec. 78 [Call. 1916 Stat. ¶ 10000(78)], was error, where the terminals of the plat were different from those in the commissioners' certificate.

5. ROADS AND BRIDGES, § 71*—*when deviation from terminus by surveyor improper.* Hurd's Rev. St. 1917, ch. 121, sec. 78 [Call. 1916 Stat. ¶ 10000(78)], providing that the surveyor may make changes *between* the *termini* of a road as the convenience and interest of the public in his judgment may require, gave no power to such surveyor to deviate the terminus of a road about 200 feet from the plan of the road petitioned for.

6. ROADS AND BRIDGES, § 47*—*when lump assessment of separate interests improper.* In an assessment of damages to land proposed to be vacated for a road, instructions which permitted the assessment of damages in a lump sum to two or more persons, where they had separate interests in the same property, was erroneous.

7. ROADS AND BRIDGES, § 57*—*when granting leave to amend certificate erroneous.* To grant a motion for leave to amend the certificate of the road commissioners provided for in Hurd's Rev. St. 1917, ch. 121, sec. 82 [Call. 1916 Stat. ¶ 10000(82)], which formed the basis of a proceeding to assess damages for the land to be taken, so as to make the termini of the proposed road along the town line correspond to the surveyor's plat, which showed a deviation of 200 feet at one of the termini, from the plan of road petitioned for, would have been error at any time.

8. ROADS AND BRIDGES, § 90*—*when appeal will lie from order of assessment by justice.* An appeal lies to the Circuit Court from the justice in a proceeding under Hurd's Rev. St. 1917, ch. 121, sec. 82 [Call. 1916 Stat. ¶ 10000(82)], to assess damages for land vacated for a road.

9. ROADS AND BRIDGES, § 96*—*when appellant cannot claim appeal will not lie.* Upon an appeal from the assessment of damages for the vacation of a road, under Hurd's Rev. St. 1917, ch. 121, sec. 82 [Call. 1916 Stat. ¶ 10000(82)], the appellants could not be heard to claim

that no appeal lay to the Circuit Court, they having themselves invoked the right.

10. ROADS AND BRIDGES, § 71*—*when invalid certificate of surveyor ground for reversing assessment without remand.* As the surveyor's plat required by Hurd's Rev. St. 1917, ch. 121, secs. 78, 79 [Call. 1916 Stat. ¶¶ 10000(78), 10000(79)], is a necessary prerequisite to the assessment of damages for establishing or vacating roads, the judgment in the justice proceeding in question for the assessment of damages was reversed without remanding, where the surveyor's certificate was contrary to the statute in that in it the surveyor deviated the terminus of the road 200 feet from the plan of the road petitioned for.

. Appeal from the Circuit Court of Pike county; the Hon. HARRY HIGBEE, Judge presiding. Heard in this court at the October term, 1916. Reversed with finding of fact. Opinion filed April 29, 1919.

WILLIAMS & WILLIAMS and PAUL F. GROTE, for appellants.

ANDERSON & MATTHEWS and EDWIN JOHNSTON, for appellees.

MR. PRESIDING JUSTICE GRAVES delivered the opinion of the court.

Section 82, ch. 121, Hurd's Rev. St. 1917 [Call. 1916 Stat. ¶ 10000(82)] provides in substance, so far as is material to this case, that in case the damages sustained by the owners of land by reason of the establishment or vacation of roads are not released or agreed upon by the owners and the commissioners of highways, the commissioners of highways shall, after they shall grant the prayer for the establishment or vacation of the road, make a certificate that they are about to establish or vacate a public road, describing it, and the lands over which the same runs, and give the names of the owners thereof, and file the same with a justice of the peace of the county, and that upon receipt of the same the justice of the peace shall issue a summons for the landowners concerned to appear and prove

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

their damages on account of establishing or vacating the road as the case may be. The filing of a certificate in substantial compliance with this section is jurisdictional. In no other way can a justice of the peace obtain jurisdiction to assess the damages mentioned in that section of the statutes.

In apparent attempted compliance with the provisions of that section of the statute a certificate was prepared by the commissioners and filed with a justice of the peace of the proper county, which, so far as is important to this case, was in the following words:

"State of Illinois,) ss
   County of Pike.)

2   To.................Esq., a Justice of the Peace of said County:

"This is to certify that we, the Commissioners of Highways of the Towns of Spring Creek and Pleasant Hill, are about to lay out a public road described as follows, to-wit: Beginning on the township line between Spring Creek and Pleasant Hill Township at a point where the east and west half section line running through Section 19 in Spring Creek Township and through Section 24 in Pleasant Hill Township intersects the township line between said township, thence runs directly south on said township line a distance of approximately 198 rods to the point where said proposed road will intersect a road in a northeasterly direction across the northwest quarter of Section 30 in Spring Creek Township. They the undersigned respectfully petition for another road of the width of 40 feet to be laid out in the manner provided by law, which road shall commence on township line between the said Pleasant Hill and Spring Creek Townships at point 80 rods north of the intersection of south section line of Section 19 in Spring Creek Township and Section 24 in Pleasant Hill Township which point above described shall be the center of said road, thence run due west between the northeast quarter of the southeast quarter and the southeast quarter of the southeast

quarter of Section 24 in Pleasant Hill Township, a distance of about seventy (70) rods to a point where said proposed road will intersect a road coming from the south and also from the west and there terminating.

"The owners of the land over which said roads will pass are as follows: * * *

"The undersigned landowners residing in Pleasant Hill Township respectfully petition the Commissioners of Highways of Pleasant Hill Township to vacate certain roads in the manner provided by law, which roads are described as follows, to-wit: * * * in Pleasant Hill Township * * *; also to vacate another road commencing on the east and west half section line of Section 19 in Spring Creek and 24 in Pleasant Hill Township, approximately forty rods west of the township line, running thence directly west approximately forty rods and thence directly south from the point last above set out, a distance of forty rods and there terminating at a point where said road intersects a road running east and west. * * *

"The undersigned landowners all reside in Pleasant Hill Township within two miles of said roads proposed to be laid out, and said roads proposed to be vacated: * * *

"That we have not been able to agree with the said landowners aforesaid as to damages sustained by them by reason of the proposed laying out of the said road over their lands. We, the said Commissioners, therefore ask for a jury to assess the damages of said owners.

"Given under our hands this the 29th day of November, A. D. 1915.

T. P. Johnson,
John Main,
V. J. Galloway,
A. O. Venable,
Commissioners of Highways."

This certificate mentions four roads, two to be established and two to be vacated. One of these roads, to

be established, is located along the township line between Pleasant Hill Township and Spring Creek Township.

The other road to be established and the two to be vacated lie wholly in Pleasant Hill Township. The record does not show definitely whether the establishment of the two roads and the vacation of the other two were prayed for in one or more petitions, but the certificate recites as to one of those roads to be vacated that the petition was addressed to the Commissioners of Highways of Pleasant Hill Township, alone. This certificate filed with the justice of the peace is signed by four persons. Below the last signature are the words "Commissioners of Highways" and that is all. There is no identification of which township either or any of the commissioners represent. There is no law in this State by which there can be four commissioners of highways in one township at one time. Besides that, the opening paragraph of the certificate describes them as "Commissioners of Highways of the Towns of Spring Creek and Pleasant Hill," but which or how many are from the respective towns the certificate does not show.

This case was tried in the Circuit Court, on appeal from the justice of the peace, and a judgment was rendered in favor of the landowners in sums aggregating something over $1,800.

Section 99, ch. 121 of the same statute [Call. 1916 Stat. ¶ 10000(99)] provides that when roads to be established or vacated are on town lines or from one township to another, the petition therefor shall be presented to the commissioners of each town interested, whereupon it becomes the duty of the commissioners of the several towns to act together. The statute is the only authority for commissioners of highways to act, and only when acting within the authority given by statute are their acts valid. As to the town line

road, the commissioners of two townships must act, and as to roads wholly in one town, the commissioners of that town only can act. As to the vacation of the roads wholly in Pleasant Hill Township, appellants have conceded that the certificate quoted does not give jurisdiction to the justice of the peace to assess damages in this case, but as to the two roads to be established the damages were assessed. It was equally ineffectual to give jurisdiction to assess the damages for the establishment of the road wholly in Pleasant Hill Township, or of that road and the one on the line between the two townships jointly. The point made by appellants that out of the six commissioners from both townships at least two from each township must concur in signing the certificate, is not well taken. The two sets of commissioners, when called into action by a proper petition, constitute one body, a majority of which will control. Section 99, ch. 121, Hurd's Rev. St. 1917 [Call. 1916 Stat. ¶ 10000(99)].

The certificate was also insufficient to warrant the assessment of damages except as to the road along the township line, because it is only as to that road that it purports to show that the commissioners had determined or were about to grant the prayer of the petitioners.

At the trial a surveyor's plat prepared in attempted compliance with section 78, ch. 121, Hurd's Rev. St. 1917 [Call. 1916 Stat. ¶ 10000(78)] was offered in evidence by appellees. Objection was made that there was not sufficient proof of its accuracy. The objection was overruled and the plat was admitted. This was error for two reasons: (1) The proof tended to show that the distances shown thereon were placed there from recollection of chain carriers assisting the surveyor and not from memoranda taken at the time of the survey; and (2) the terminals of the plat were different from those in the commissioners' certificate.

The testimony of the engineer shows that at the request of two of the commissioners of highways the southern terminus of the proposed road was deviated about 200 feet from the plan of the road petitioned for. By the terms of section 78, ch. 121, Hurd's Rev. St. [Call. 1916 Stat. ¶ 10000(78)], already referred to, the surveyor may make changes *between* the *termini* of the road as the convenience and interest of the public in his judgment may require, but he has no right to change the termini. *Deer v. Highway Com'rs,* 109 Ill. 379 (381); *Farrelly v. Town of Kane,* 172 Ill. 415 (419). A change of one rod in the termini of a road was held to be fatal to the validity of the road. *Shinkle v. Magill,* 58 Ill. 422.

The instructions as to the form of the verdict, the verdict and the judgment are all wrong. Pursuant to the instructions of the court the damages were assessed in a lump sum to two or more persons where they had separate interests in the same piece of property. In the case of Jane Stark and her children, she owned a 17-acre tract of land in her own right and in a different 40-acre tract she owned a homestead and dower interest. While the fee in the 40-acre tract was owned by eight other persons, two of whom were minors, yet the jury were instructed to and did assess the damages on the whole 57 acres in a lump sum, and the judgment is in the same form. There is no way of finding out how much the jury awarded to each of these landowners.

Several questions have been presented as to the correctness of the proceedings prior to the presentation of the certificate of the commissioners for the assessment of damages. With most of those questions neither the Circuit Court nor this court have anything to do in this proceeding.

At the trial in the Circuit Court a motion was made, by appellees, to amend the certificate of the commis-

sioners that was the basis of this action so as to make the termini of the proposed road along the town line correspond to those shown by the surveyor's plat. This motion was not passed on until after the jury had returned its verdict and not until a subsequent term. To permit such amendment would have been error at any time, because thereby it was attempted to change the termini of the road from the original place, which as has been said cannot be lawfully done. Again the jury had heard the evidence on the basis of the road being located as stated in the certificate as filed. By allowing the amendment, property would be taken for the road that was not considered by the jury in reaching their verdict.

It is contended by appellants that an appeal does not lie from the justice to the Circuit Court for the reason that no practice is provided in the Circuit Court to govern such trials and that the jury were not selected or the trial conducted according to the provisions of the Road and Bridge Act. There are several answers to this objection. First, the statute expressly authorizes such appeal. Section 88, ch. 121, Hurd's Rev. St. 1917 [Call. 1916 Stat. ¶ 10000(88)]. Second, appellants took that appeal and could easily have dismissed it. They cannot be heard to deny a right which they are at the same time invoking. Third, while this is purely a statutory proceeding, and while an appeal from a justice of the peace to the County or Circuit Court the trial is *de novo,* the procedure in the court to which it goes on appeal is the same as prevails there in other cases. *Neely v. Shephard,* 190 Ill. 637, affirming 92 Ill. App. 422.

The surveyor's plat required by sections 78 and 79, ch. 121, Hurd's Rev. St. 1917 [Call. 1916 Stat. ¶¶ 10000 (78), 10000(79)] is a necessary prerequisite to the assessment of damages for establishing or vacating roads. We find as an ultimate fact that the plat of-

fered in evidence in this case is not in compliance with that statute and cannot be made to conform to it so as to vest jurisdiction in the courts to assess damages in this case. It is therefore useless to remand this case for another trial. For the errors mentioned, the judgment of the Circuit Court is reversed.

*Judgment reversed with finding of fact.*